UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GUTIERREZ,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY and JAYD HANNA,<br><br>Defendants. | Case No.: 3:18-cv-02809-BTM-AHG<br><br>**ORDER** |

## I. BACKGROUND

Plaintiff filed suit against his former employer, Eli Lilly & Company ("Lilly"), and former co-employee, Jayd Hanna ("Hanna"), in California Superior Court for claims related to his termination from Lilly. (ECF No. 1 ("Pl.'s Compl.").) Plaintiff alleges numerous violations of employment discrimination laws and one count of defamation against Lilly. The only claim against Hanna is for defamation. (*Id.* at ¶ 16-25.) Plaintiff argues that Hanna defamed him by maliciously making statements that he sexually harassed coworkers, (*Id.* at ¶¶ 12-13, 23), which led to his termination from Lilly, (ECF No. 14 ("Pl.'s Reply to Defs.' Opp. to Pl.'s Mot. to Remand"), 3:3-10.)

Lilly removed the case on the basis of diversity jurisdiction. (ECF No. 1

("Def.'s Notice of Removal").) Hanna later consented to and joined in the removal. (ECF No. 11). Plaintiff and Hanna appear to be citizens of California and Lilly is a citizen of Indiana. (Def.'s Notice of Removal, at ¶¶ 7-11.) Though Hanna is not diverse from Plaintiff, Lilly argues that Hanna was fraudulently joined and that her citizenship should be disregarded. (*Id.* at ¶ 6.) Plaintiff moved to remand this case to state court for lack of subject matter jurisdiction. (ECF No. 6 ("Pl.'s Motion to Remand").)

## II. LEGAL STANDARD

**A. Pleading**

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555). A pleading must go beyond "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" fails to satisfy Rule 8's pleading standard. *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Sollberger v. Wachovia Securities, LLC*, 2010 WL 2674456, at *3 (S.D. Cal. June 30, 2010) (explaining that a complaint fails as "neither plain nor specific" under Rule 8(a) where "the facts do not support the inferences Plaintiff makes").

Where the "complaint fails to link adequately a cause of action to its factual predicates," the Court has a "supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e)." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006); *see also Cedillo-Vargas v. McAleenan*, 2019 WL 3429187, at *3 (S.D. Cal. July 29, 2019) (ordering Plaintiffs to replead under Rule 12(e) *sua sponte* because "the Court

2

3:18-cv-02809-BTM-AHG

1 does not believe that cognizable claims are immediately apparent from the face
2 of the complaint").

**B. Fraudulent Joinder**

A fraudulently joined, or "sham," defendant is one who is used as a "device to prevent an exercise of the [defendant's] right of removal." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 94 (1921) "[A] joinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law." *Allen v. Boeing*, 784 F.3d 625, 634 (9th Cir. 2015) (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009)). The removing party bears the heavy burden of proving fraudulent joinder. *Hunter*, 582 F.3d at 1044. In determining whether a defendant is indeed fraudulently joined, the Court may "pierc[e] the pleadings" and look beyond the allegations in the complaint. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). The Court may dismiss fraudulently joined defendants from the action. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018).

### III. DISCUSSION

Plaintiff sued Hanna for defamation. To state a claim under California defamation law, the plaintiff must specifically identify the defamatory statement. *Gilbert v. Sykes*, 53 Cal.Rptr.3d 752, 767 (Cal. Ct. App. 2007) ("The general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint."). Plaintiff describes a number of sexual harassment complaints that were discussed at his termination meeting. But he does not say which, if any, of those statements were made by Hanna. (*See* Pl.'s Compl, at ¶ 12.) Plaintiff has only speculated as to the existence of defamatory statements but has not identified their content. (*See* Pl.'s Reply to Defs.' Opp. to Pl.'s Mot. to Remand, at 3:3-10 ("Hanna made slanderous statements about the

Plaintiff both within and outside of the employment environment, statements which caused Plaintiff to be wrongfully terminated. . . . The statements about him were false and called into question his moral character and harmed his reputation. . . ."))

Plaintiff has also failed to meet the Rule 8 standard in connecting Hanna to the complaints. Plaintiff asserts his good faith belief that Hanna defamed him, but the only fact Plaintiff pleads supporting this belief is that Hanna once made a comment about her own physical appearance at a work gathering. (Pl.'s Compl., at ¶ 14:16-21.) The Court fails to see the nexus between this incident and anonymous complaints made to human resources.

Defendants assert a common interest privilege to any such statements made by Hanna. (Def.'s Notice of Removal, ¶¶ 18-22.) When an absolute privilege exists, it completely disposes of the underlying claim and permits the Court to "rightly conclude that no cause of action had been stated against" the defendant, thus establishing fraudulent joinder. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Under California law, "complaint[s] of sexual harassment by an employee, without malice, to an employer based upon credible evidence" are privileged. Cal. Civ. Code § 47(c). Though such statements are "absolutely privileged," a "triable issue" may exist as to whether the statements were made with malice. *Cruey v. Gannett Company, Inc.*, 76 Cal.Rptr.2d 670, 678 (Cal. Ct. App. 1998).

Under California law, the plaintiff "bears the burden of proving malice." *SDV/ACCI, Inc. v. A T & T Corp.*, 552 F.3d 955 (9th Cir. 2008) (quoting *Lundquist v. Reusser*, 7 Cal.4th 1193, 1211 (1994)). " [M]alice is not inferred from the communication." Cal. Civ. Code § 48. The plaintiff must provide "specific facts" in support of an allegation of malice. *See Solarcity Corporation v. Doria*, 2018 WL 2229397, at *6 (S.D. Cal. May 16, 2018) ("General allegations of malice will not suffice, rather 'actual facts of malice must be alleged or be apparent from the

4

communications themselves.'" (quoting *Martin v. Kearney*, 124 Cal.Rptr 281, 283 (Cal. Ct. App. 1975)). Plaintiff merely states that Defendants acted "with malice motivated by hatred or ill will" against him. (Pl.'s Compl., ¶ 23.) He again provides no factual support for an otherwise bare legal conclusion. Without facts supporting malice, the common interest privilege would completely extinguish Plaintiff's claim against Hanna.

### IV. CONCLUSION

While the Court must resolve all questions of fact in Plaintiff's favor in deciding whether to remand, the Court cannot do this when Plaintiff presents no facts at all. Plaintiff's defamation claim against Hanna presently fails to satisfy Rule 8(a). The Court cannot properly review the motion to remand and fraudulent joinder claim without identification of the defamatory statements and facts supporting Plaintiff's belief that Hanna made these statements (1) at all, and (2) with malice. Accordingly, the Court **ORDERS** Plaintiff to amend his complaint pursuant to Fed. R. Civ. P. 12(e) to resolve the factual deficiencies described above by **September 13, 2019**. The Court will resolve the pending motion based on the Amended Complaint. Further, Plaintiff and Defendant Hanna shall file separate statements specifying the states of their citizenship.

**IT IS SO ORDERED**.

Dated: August 29, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge