UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN GUTIERREZ,<br><br>                         Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY and JAYD HANNA,<br><br>                        Defendants. | Case No.: 3:18-cv-02809-BTM-AHG<br><br>**ORDER DENYING MOTION TO REMAND, DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, AND GRANTING DEFENDANT HANNA'S MOTION TO DISMISS**<br><br>**[ECF NOS. 6 & 12]** |

      Before the Court is Plaintiff's Motion to Remand and for Attorneys' Fees (ECF No. 6 ("Mot. to Remand")) and Defendant Jayd Hanna's Motion to Dismiss (ECF No. 12 ("Hanna's Mot. to Dismiss").) For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Remand and for Attorneys' Fees and **GRANTS** Defendant Hanna's Motion to Dismiss.

## I. BACKGROUND

      Plaintiff filed suit against his former employer, Eli Lilly & Company ("Lilly"), and former co-employee, Jayd Hanna ("Hanna"), in the California Superior Court for claims related to his termination from Lilly. (ECF No. 1 ("Compl.").) Plaintiff

alleges numerous violations of employment discrimination laws and one count of defamation against Lilly. The only claim against Hanna is for defamation. (*Id.* at ¶ 16–25.) Plaintiff argues that Hanna defamed him by maliciously making statements that he sexually harassed coworkers, (*Id.* at ¶¶ 12–13, 23), which led to his termination from Lilly, (ECF No. 14 ("Pl.'s Reply"), 3:3–10).

Lilly removed the case on the basis of diversity jurisdiction. (ECF No. 1 ("Def.'s Notice of Removal").) Hanna later consented to and joined in the removal. (ECF No. 11 ("Hanna's Notice of Joinder").) The Court finds that Plaintiff is a citizen of California.[1] Hanna is a citizen of California. (ECF No. 21 ("Hanna Declaration"), ¶ 3.) Lilly is a citizen of Indiana. (Def.'s Notice of Removal, ¶¶ 7–11.) Lilly argues that Hanna was fraudulently joined and that her citizenship should be disregarded. (*Id.* at ¶ 6.) Plaintiff moved to remand this case to state court for lack of subject matter jurisdiction.

The Court determined that Plaintiff's complaint contained factual deficiencies precluding the Court from properly reviewing the motions before it. In his defamation claim against Hanna, Plaintiff failed to identify the defamatory statements at issue and provided no facts supporting his belief that Hanna made the defamatory statements (1) at all, and (2) with malice. (ECF No. 20 ("Order"), 5:11–14.) On August 29, 2019, the Court ordered Plaintiff to amend his complaint pursuant to Fed. R. Civ. P. 12(e) to resolve these factual deficiencies. (*Id.* at 5:14–16.) The Court also ordered Plaintiff to file a statement specifying the state of his citizenship. (*Id.* at 5:17–18.) The deadline was September 13, 2019. (*Id.* at 5:17–18.) Plaintiff has filed nothing with the Court as of the date of this order.

/ /

---

[1] The Court ordered Plaintiff to submit a statement indicating the state of his citizenship. (ECF No. 20 ("Order"), 5:17–18.) Plaintiff did not abide by the order. Nevertheless, the Court finds that Plaintiff is a citizen of California based on his self-identification as a "resident of the State of California," (Compl., ¶ 1), and because he did not rebut Lilly's assertion that he is a citizen of California, (*see* Def.'s Notice of Removal, 2:19–3:2).

## II. MOTION TO REMAND

**A. Legal Standard**

A defendant may remove a case from state court only if there is original federal court jurisdiction over the action. 28 U.S.C. § 1441(a). The basis of original jurisdiction may be federal question or diversity jurisdiction. *Id.* § 1331, § 1332. Federal courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." *Id.* § 1332(a). The citizenship of each defendant must be different from the plaintiff's citizenship. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). There is a "strong presumption against removal jurisdiction" and a heavy burden on the defendant to establish removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

A fraudulently joined, or "sham," defendant is one who is used as a "device to prevent an exercise of the [defendant's] right of removal." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 94 (1921). The Court disregards a sham defendant in determining whether there is complete diversity of citizenship. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Defendants seeking removal based on fraudulent joinder face a heavy burden. *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" (quoting *Hunter*, 582 F.3d at 1046)). To establish fraudulent joinder, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare*, 889 F.3d at 548. Under the latter method, the defendant must show that she "cannot be liable on any theory." *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). This showing must be "obvious

according to the settled rules of the state." *Morris*, 236 F.3d at 1067. In determining whether a defendant is fraudulently joined, the Court may "pierc[e] the pleadings" and look beyond the allegations in the complaint. *Id.* at 1068 (citation omitted).

**B. Discussion**

Plaintiff sues Hanna for defamation. (Compl., 7:1–9:12.) California law defines defamation as either libel or slander. Cal. Civ. Code § 44. In his briefings, Plaintiff clarifies that he sues under a slander theory. (Pl.'s Reply, 3:3–10.) "Slander is a false and unprivileged publication, orally uttered, . . . which . . . [t]ends directly to injure [any person] in respect to his office, profession, trade or business. . . ." Cal. Civ. Code § 46.

1. Defamatory Statement

To state a claim under California defamation law, Plaintiff must specifically identify the defamatory statement. *Gilbert v. Sykes*, 147 Cal.App.4th 13, 31 (2007). Plaintiff describes a number of sexual harassment complaints that were discussed at his termination meeting. But he does not say which, if any, of those statements were made by Hanna. (*See* Compl., ¶ 12.) Plaintiff has only speculated as to the existence of defamatory statements but has not identified their content. (*See* Pl.'s Reply, 3:3–10 ("Hanna made slanderous statements about the Plaintiff both within and outside of the employment environment, statements which caused Plaintiff to be wrongfully terminated. . . . The statements about him were false and called into question his moral character and harmed his reputation. . . .")) The Court ordered Plaintiff to identify the statements underlying his claim. (Order, 5:11–16.) Plaintiff did not respond to the order. Without pleading the specific statements, Plaintiff fails to state a defamation claim against Hanna.

2. Plaintiff's Belief That Hanna Defamed Him

Plaintiff also fails to connect Hanna to the sexual harassment complaints made about him to Lilly. Plaintiff asserts his good faith belief that Hanna defamed

him, but the only fact Plaintiff offers to support this is that Hanna once made a comment about her own physical appearance at a work gathering. (Compl., ¶ 14:16–21.) The Court fails to see the nexus between this incident and the complaints made to human resources. The Court ordered Plaintiff to provide facts supporting his belief that Hanna made defamatory statements against him. (Order, 5:11–16.) Plaintiff did not respond to the order. Plaintiff has thus failed to sufficiently allege that Hanna made any statements about Plaintiff, let alone defamatory ones.

### 3. Plaintiff's Allegation of Hanna's Malice

Assuming *arguendo* that Plaintiff did state a defamation claim against Hanna, Defendant asserts a common interest privilege shielding her from liability. (Def.'s Notice of Removal, ¶¶ 18–22.) When an absolute privilege exists, it disposes of the underlying claim, permits the Court to "rightly conclude that no cause of action had been stated against" the allegedly sham defendant, and establishes fraudulent joinder. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Under California law, "complaint[s] of sexual harassment by an employee, without malice, to an employer based upon credible evidence" are privileged. Cal. Civ. Code § 47(c). Though such statements are "absolutely privileged," a "triable issue" may exist as to whether the statements were made with malice. *Cruey v. Gannett Company, Inc.*, 64 Cal.App.4th 356, 369–70 (1998).

While Federal Rule of Civil Procedure 9(b) allows a plaintiff to allege malice generally, the Court's fraudulent joinder analysis hinges on whether the Plaintiff could establish a cause of against Hanna in state court. *Good v. Prudential Ins. Co.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998). Under California law, the plaintiff "bears the burden of proving malice." *SDV/ACCI, Inc. v. A T & T Corp.*, 522 F.3d 955, 962 (9th Cir. 2008) (quoting *Lundquist v. Reusser*, 7 Cal.4th 1193, 1211 (1994)). "[M]alice is not inferred from the communication." Cal. Civ. Code § 48. The plaintiff must provide "specific facts" in support of an allegation of malice.

*Martin v. Kearney*, 51 Cal.App.3d 309, 312 (1975)) ("Actual facts of malice must be alleged or be apparent from the communications themselves.'").

Even if the Court applied the Rule 9(b) standard, Plaintiff would still fail to meet it. To satisfy any general pleading requirement, a plaintiff must comply with Rule 8 and the concomitant standards set forth by the Supreme Court in *Twombly* and *Iqbal*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff does not meet even the general pleading standard because he provides no evidence supporting Hanna's malice. *See, e.g.*, *Kelley v. Corr. Corp. of Am.*, 750 F.Supp.2d 1132, 1146–48 (E.D. Cal. 2010) (citing *Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662). Plaintiff merely states that Defendants acted "with malice motivated by hatred or ill will" against him. (Compl., ¶ 23.) He provides no factual support for an otherwise bare legal conclusion. Plaintiff did not allege any facts supporting Hanna's purported malice after the Court ordered him to do so. As a result, the common interest privilege completely extinguishes any defamation claim against Hanna.

4. <u>Lilly's Notice of Removal</u>

As a final matter, the Court addresses whether removal complied with the procedural requirements of 28 U.S.C. § 1446. In his motion to remand, Plaintiff argues that "the Notice of Removal is defective under 28 U.S.C. § 1446 because one of the individually named Defendants, Jayd Hanna . . . was not joined in the removal." (*Id.* at 1:22–28.) Under § 1446, "all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). Lilly filed its notice of removal on December 13, 2018. (Def.'s Notice of Removal.) Plaintiff did not serve Hanna with the complaint until January 2, 2019. (Mot. to Remand, Exh. 2.) Thus, Hanna was not properly served when Lilly removed the case to federal court. In accordance with § 1446, Hanna's "absence from the removal notice did not render the removal notice defective. *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011); *see also Emrich v. Touche*

*Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Additionally, the Court's finding that Hanna was fraudulently joined provides a separate basis for why she was not required to consent to removal. § 1446(b)(2)(A). Nevertheless, Hanna ultimately joined in the removal. (Hanna's Notice of Joinder.) Lilly's notice of removal did not suffer from procedural defects.

### 5. Conclusion

Plaintiff fails to state a defamation claim against Hanna under the settled laws of California. Even if he did state a claim, the common interest privilege would dispose of it. Plaintiff failed to plead more facts after the Court afforded him the opportunity to resolve the deficiencies of his complaint. As a result, the Court can only conclude that Plaintiff does not have any additional facts to plead regarding Hanna and thus cannot state any claim against her. The Court finds that Plaintiff fraudulently joined Hanna to this case. Hanna's citizenship is disregarded. Plaintiff is a citizen of California and Lilly is a citizen of Indiana. There is complete diversity of the parties. The amount in controversy exceeds $75,000. (Def.'s Notice of Removal, 8:8–12:8 (citing 28 U.S.C. § 1446(c)(2)(A)–(B)).) The Court has diversity jurisdiction over this action. The motion to remand is **DENIED**. Accordingly, the motion for attorneys' fees is also **DENIED**.

## III. MOTION TO DISMISS

### A. Legal Standard

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading must go beyond "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint that "tenders 'naked assertion[s]' devoid of 'further factual

enhancement'" fails to satisfy Rule 8's pleading standard. *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Sollberger v. Wachovia Securities, LLC*, 2010 WL 2674456, at *3 (S.D. Cal. June 30, 2010) (explaining that a complaint fails as "neither plain nor specific" under Rule 8(a) where "the facts do not support the inferences Plaintiff makes").

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a plaintiff's complaint if it lacks a "cognizable legal theory" or sufficient facts to support a legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in the plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal is appropriate only where "the complaint fails to state a claim to relief that is plausible on its face." *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224–25 (9th Cir. 2017) (quoting *Twombly*, 550 U.S. at 570). A court may grant a motion to dismiss without affording the plaintiff leave to amend if such amendment would be futile. *Jones v. Cmty Redevelopment Agency of City of L.A.*, 733 F.2d 646, 650 (9th Cir. 1984).

**B. Discussion**

Plaintiff's defamation claim against Hanna fails under Rules 8 and 12. First, under Rule 8, and as discussed with respect to remand, Plaintiff provides no facts supporting otherwise bare legal conclusions. He offers no cognizable theory for why he believes Hanna made sexual harassment complaints about him to Lilly. The only support he provides for his good faith belief that Hanna defamed him is a story about Hanna's own perception of her appearance. (Compl., ¶ 14:16–21.) This single fact falls far short of supporting the inferences Plaintiff makes. *See Sollberger*, 2010 WL at *3. The Court identified this factual deficiency in the complaint and gave Plaintiff the opportunity to resolve it to meet the Rule 8 standard. (Order, 5:8–16.) Plaintiff did not comply with the Court's order. The

complaint fails under the *Twombly* and *Iqbal* Rule 8 standard. *See Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662.

Second, to state a defamation claim under California law, Plaintiff must specifically identify the defamatory statements. *Gilbert*, 147 Cal.App.4th at 31. Plaintiff did not specifically identify any statements made by Hanna, even after this Court ordered him to do so. (Order, 5:11–16.) Plaintiff thus fails to state a defamation claim against Hanna under Rule 12.

The claim fails under Rules 8 and 12. Plaintiff did not amend his complaint after this Court ordered him to do so. (*See* Order.) The Court therefore agrees with Hanna that granting Plaintiff leave to amend would be futile. (Hanna's Mot. to Dismiss, 7:1–7.) Accordingly, Hanna's Motion to Dismiss is **GRANTED** without leave to amend.

### IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Remand and for Attorneys' Fees (ECF No. 6) and **GRANTS** without leave to amend Defendant Hanna's Motion to Dismiss (ECF No. 12).

**IT IS SO ORDERED**.

Dated: September 25, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge